IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVIN L. CHAMPAGNE,  )<br>            )<br>        Plaintiff,  )<br>            )<br>    v.      )<br>            )<br>BILL WHITMAN, Sheriff, et al.,  )<br>            )<br>        Defendants.  )<br>_____ ) | CV F 05-0997 AWI LJO P<br><br>ORDER DENYING MOTION FOR OBJECTION, WHICH HAS BEEN CONSTRUED AS A MOTION FOR RECONSIDERATION<br><br>[Document #8] |

    Plaintiff is a civil detainee at Atascadero State Hospital.  Plaintiff filed an action along with other detainees at Atascadero State Hospital.  Citing the difficulties of having confined pro se plaintiffs attempt to litigate an action effectively together, the Magistrate Judge assigned to this action ordered Plaintiff's case severed from the others pursuant to Rule 21 of the Federal Rules of Civil Procedure.  Plaintiff now files this motion for objection, which has been construed as a motion for reconsideration.

    Rule 72(a) of the Federal Rules of Civil Procedure allows a party to serve and file objections to a Magistrate Judge's nondispositive order within ten days.  In this court, this type of objections are treated as a motion for reconsideration by the assigned District Court Judge and should be captioned "Request for Reconsideration."  See Local Rule 72-303.  While Plaintiff did not file a request for reconsideration, in the interests of justice, the court will review Plaintiff's objections under Local Rule 72-303.

    Preliminarily, the court notes that Plaintiff did not file his objection / motion within ten

days of the Magistrate Judge's ruling as required by Rule 72(a).  However, given Plaintiff's confinement and in the interests of justice, the court will still address Plaintiff's motion for reconsideration.

Motions to reconsider are committed to the discretion of the trial court.  <u>Rodgers v. Watt</u>, 722 F.2d 456, 460 (9th Cir. 1983) (en banc); <u>Combs v. Nick Garin Trucking</u>, 825 F.2d 437, 441 (D.C.Cir. 1987). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  <u>See</u>, e.g., <u>Kern-Tulare Water Dist. v. City of Bakersfield</u>, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).  When filing a motion for reconsideration,  Local Rule 78-230(k) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."  The court reviews a motion to reconsider a Magistrate Judge's ruling under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); <u>United States v. Raddatz</u>, 447 U.S. 667, 673 (1980); <u>Bhan v. NME Hosp., Inc.</u>, 929 F.2d 1404, 1414 (9th Cir. 1991).

In his order, the Magistrate Judge found that not severing Plaintiff's case from the cases of the other original plaintiffs could result in delay.  The Magistrate Judge noted that in this court's experience an action brought by multiple detained plaintiffs presents procedural problems, which cause delay and confusion.  Such problems include plaintiffs signing required pleadings and communicating if plaintiffs are transferred to other institutions, moved to other locations in the same institution, and/or released.

In the motion for reconsideration, Plaintiff does not specifically dispute the Magistrate Judge's findings that allowing detained plaintiffs to proceed together could create delay and confusion.  Rather, Plaintiff points out that he is a civil detainee and not a prisoner.   While Plaintiff is correct that he is a civil detainee and entitled to different rights than a prisoner, all of the concerns regarding a group of pro se detained litigates proceed in one action together remain.

2

     Plaintiff also contends that the plaintiffs intended their action to be a class action. Plaintiff, and the other original plaintiffs, however, are all non-lawyers proceeding without counsel. It is well established that a layperson cannot ordinarily represent the interests of a class. See McShane v.United States, 366 F.2d 286 (9th Cir. 1966). This rule becomes almost absolute when, as here, the putative class representative is detained and proceeding pro se. See Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975). In direct terms, Plaintiff cannot "fairly and adequately protect the interests of the class" as required by Fed. R. Civ. P. 23(a)(4). See Martin v. Middendorf, 420 F. Supp. 779 (D.D.C. 1976). Thus, reconsidering the Magistrate Judge's severance order to allow the plaintiffs to proceed with a class action is not warranted. The Magistrate Judge's order severing this case was not clearly erroneous or contrary to law.

     Accordingly, the court ORDERS that:

1. Plaintiff's motion in objection, which has been construed as a motion for reconsideration is DENIED; and

2. This action is referred to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

Dated:    August 28, 2006                /s/ Anthony W. Ishii
0m8i78                                          UNITED STATES DISTRICT JUDGE