1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

7
8
9  ALVIN CHAMPAGNE,                          CV F   05 997 AWI LJO P

10               Plaintiff,

11       v.                                  ORDER DISMISSING COMPLAINT WITH
                                             LEAVE TO AMEND (Doc. 7.)
12                                           ORDER DENYING REQUEST TO REMOVE
    BILL WHITMAN, et. al.,                   PC DESIGNATION FROM CASE
13
                 Defendants.
14  _____/

15
16       Alvin Champagne ("Plaintiff") is a civil detainee proceeding pro se and in forma

17  pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

18       Plaintiff filed the instant action on August 4, 2005, as one of several Plaintiffs.  The Court

19  severed the action and on September 1, 2005, Plaintiff filed a First Amended Complaint.  (Doc.

20  7.)  Plaintiff names Bill Whitman, Sheriff of Tulare County as well as the Board of Supervisors

21  of Tulare County and Thomas M. Johnson, Chief of Mental Health Services of Tulare County as

    Defendants.
22
         As a preliminary matter, Plaintiff asks, in his Complaint, that the Court remove the "PC"
23
    designation from his case number because he is not a prisoner but a civil detainee.  The "PC"
24
    designation is strictly an internal designation used for the purpose of routing the case and all
25
    relevant pleadings to the court staff assigned to the case.  It has no meaning outside of the Court.
26
    As such, Plaintiff's request is DENIED.
27
         Pursuant to 28 U.S.C. § 1915(e)(2), the Court must conduct an initial review of the
28

1

Complaint for sufficiency to state a claim.  The Court must dismiss a complaint or portion

thereof if it determines that the action is legally "frivolous or malicious," fails to state a claim

upon which relief may be granted, or seeks monetary relief from a defendant who is immune

from such relief.  28 U.S.C. § 1915(e)(2).  If the court determines that the Complaint fails to state

a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be

cured by amendment.

The allegations in Plaintiff's Amended Complaint are vague and do not meet the

requirement of Rule 8(a) of the Federal Rules of Civil Procedure that require Plaintiff set forth a

"short and plaint statement of the claim showing the pleader is entitled to relief."  Fed.R.Civ.P.

8(a).  For example, the Complaint is made up of twenty four (24) pages and contains a "general

grounds of conditions of confinement" listing conditions which Plaintiff believes violate the

Fourteenth Amendment.  However, Plaintiff only generally alleges that the Defendant's

"policies, procedures and were [sic] as reflected in his current conditions of confinement

deprived them of or do not comport with the protections of the Substantive Due Process and

Equal Protection Clauses . . ."  (Am. Comp. at 8.)  Plaintiff states that the facts concern the

"conditions of confinement at Tulare County Jail Facilities in the years 2001, 2002, 2003,

2004...."   Plaintiff later lists what he believes are the facts supporting these claims, also in a

general fashion.  For example, paragraph 36 states "The Plaintiff was subject to being transported

between Jail Facilities to the Courthouses in handcuffs and leg irons, and being subject to being

transported with State Prisoners, both female and male."  Paragraph 47 states "Plaintiff was

subject to unsanitary shower conditions and they were not cleaned regularly."  Paragraph 56

states "Some of Plaintiff was subject to one hot meal a day and two cold sack lunches per day

during the years of 2003, 2004."   Nowhere in the entire Complaint does Plaintiff link any of the

named Defendants to an act or omission giving rise to the constitutional violations nor does

Plaintiff state specifically when each violation occurred or  who was responsible for them.

Further, although Plaintiff lists many facts which he believes raise issues of constitutional

magnitude, the facts are so general and lacking in detail that requiring the Defendants to try to

frame a response would be unfair.  Moreover, this lack of detail prevents the Court from

determining whether the Complaint warrants service on the Defendants.

Rule 8(a) expresses the principle of notice-pleading, whereby the pleader need only give the opposing party fair notice of a claim. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Rule 8(a) does not require an elaborate recitation of every fact a plaintiff may ultimately rely upon at trial, but only a statement sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Id. at 47. Further, the Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the Defendants and the act or omission giving rise to the claims. Plaintiff's merely setting forth general allegations and not linking any of the named Defendants to acts or omissions do not sufficiently state a claim for relief under Section 1983.

The Court finds that Plaintiff's Amended Complaint does not contain any claims upon which relief can be granted under § 1983 against any of the Defendants. The Court will provide Plaintiff with time to file a Second Amended Complaint curing the deficiencies identified above should he wish to do so.

Plaintiff must demonstrate in the Second Amended Complaint how the conditions complained of resulted in a deprivation of his constitutional rights. See, Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The Second Amended Complaint must specifically state how each Defendant is involved. Further, there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423, U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, Plaintiff is advised that Local Rule 15-220 requires that an Amended Complaint be complete in itself without reference to any prior pleading. As a general rule, an Amended

Complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once an Amended Complaint is filed, the original Complaint no longer serves any function in the case.  Therefore, in an Amended Complaint, as in an original Complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The Amended Complaint should be clearly and boldly titled "SECOND AMENDED COMPLAINT," reference the appropriate case number, and be an original signed under penalty of perjury.

The Court HEREBY ORDERS:

1.	Plaintiff's Request that the Court remove the PC designation is DENIED;

2.	The Clerk of Court is DIRECTED to SEND Plaintiff a blank civil rights complaint form;

3.	The First Amended Complaint is DISMISSED with leave to amend.  WITHIN THIRTY (30) days from the date of service of this order, Plaintiff SHALL:

a.	File a Second Amended Complaint curing the deficiencies identified by the Court in this Order, or

b.	Notify the Court in writing that he does not wish to file a Second Amended Complaint and pursue the action but instead wishes to voluntary dismiss the case. See, Fed.R.Civ.P. 41(a)(1).

Plaintiff is forewarned that his failure to comply with this Order may result in a Recommendation that the Complaint be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

Dated:     October 31, 2006                          /s/ Lawrence J. O'Neill
b9ed48                                             UNITED STATES MAGISTRATE JUDGE

4